## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DAVID WILSON**                                                                          **PLAINTIFF**

**v.**                                                        **CIVIL CASE 3:17-cv-562-HSO-JCG**

**PENSION BENEFIT GUARANTY**
**CORP., et al**                                                               **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for recommendation of dismissal. Plaintiff David Wilson filed this lawsuit and an accompanying Application for Leave to Proceed *in Forma Pauperis* on July 13, 2017. (ECF No. 1); (ECF No. 2). On August 10, 2017, the Court scheduled a screening hearing for 2:00 P.M. on September 27, 2017 so that the Court could "determine whether Plaintiff should be allowed to proceed *in forma pauperis* or whether any portion of Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2). (ECF No. 3).

Plaintiff thereafter filed a Motion (ECF No. 5) objecting to the Order Setting Screening Hearing, which the Court denied by Text Order dated August 25, 2017. On September 27, 2017, Plaintiff failed to appear for the duly noticed screening hearing. *See* Minute Entry Sept. 27, 2017. The Court promptly issued an Order to Show Cause (ECF No. 6), directing Plaintiff "to file a response in writing on or before **October 12, 2017**, showing cause why his failure to appear at the screening hearing and abide by the Court's Orders should not result in dismissal of this suit for failure to prosecute." (ECF No. 6, at 1) (emphasis in original).

On October 4, 2017, Plaintiff filed a Response (ECF No. 8), which, though timely, failed to either acknowledge or explain his absence from the screening hearing. Rather, it reasserted the merits of his lawsuit and asked the Court to grant the relief requested in his Complaint. Despite Plaintiff's failure to address the Court's Order to Show Cause (ECF No. 6), the Court scheduled a second screening hearing for October 19, 2017 in order to give Plaintiff another opportunity to appear. *See* (ECF No. 9). The Order Setting Second Screening Hearing warned Plaintiff that "if he fails to appear at the screening hearing, the undersigned will immediately recommend to the District Judge that this case be dismissed without prejudice for failure to comply with Court orders." (ECF No. 9, at 2).

Two days before the scheduled second screening hearing, Plaintiff filed a Motion for Extension of Time (ECF No. 11). Among other things, this Motion sought to delay the scheduled hearing for a period of ninety days. (ECF No. 11, at 1-3). The Court denied Plaintiff's Motion (ECF No. 11) the same day it was filed. (ECF No. 12). On October 19, 2017, Plaintiff failed to appear for the second screening hearing. *See* Minute Entry Oct. 19, 2017.

Plaintiff's unwillingness to comply with or even address the substance of the Court's Orders is the kind of contumacious conduct warranting the sanction of dismissal. Moreover, Plaintiff's failure to twice appear for duly noticed screening hearings evinces a lack of interest in pursuing this suit.

The Court has authority to dismiss an action for a plaintiff's failure to prosecute, both pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

It is the recommendation of the undersigned that this case should be dismissed without prejudice for Plaintiff's failure to obey Orders of the Court and failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which she objects. The District Judge need not consider

3

frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which she did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is Ordered to send this Report and Recommendation to Plaintiff David Wilson's address of record via certified mail.

**SIGNED,** this the 24th day of October, 2017.

s/ *John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE