# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**REV. DAVID WILSON**                                                                         **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 3:17cv562-HSO-JCG**

**PENSION BENEFIT GUARANTY CORP.**, *et al.*        **DEFENDANTS**

## ORDER OVERRULING PLAINTIFF'S [15] OBJECTION, ADOPTING MAGISTRATE JUDGE'S [13] REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE

This matter comes before the Court on Plaintiff David Wilson's Objection [15] to the Report and Recommendation [13] of United States Magistrate Judge John C. Gargiulo, entered in this case on October 24, 2017. Based upon Plaintiff's contumacious conduct in failing appear at two duly-noticed screening hearings, failing to obey Court Orders, and failing to prosecute, the Magistrate Judge recommended that this case be dismissed without prejudice. R. & R. [13] at 3. After thoroughly reviewing Plaintiff's Objection [15], the Magistrate Judge's Report and Recommendation [13], the record, and relevant legal authority, the Court finds that Plaintiff's Objection [15] should be overruled, that the Magistrate Judge's Report and Recommendation [13] should be adopted as the finding of the Court, and that this case should be dismissed without prejudice.

## I. BACKGROUND

On July 13, 2017, Plaintiff David Wilson ("Plaintiff" or "Wilson") filed a pro se Complaint [1] in this Court along with a Motion [2] for Leave to Proceed *In Forma*

*Pauperis*. It is unclear from Plaintiff's handwritten Complaint [1] what claims he is asserting, but his pleading references the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") pertaining to a pension plan, or plans, in which Plaintiff purportedly participated until 1986. *See* Compl. [1] at 4-6.

On August 10, 2017, the Magistrate Judge entered an Order [3] Setting Screening Hearing "in order to allow Plaintiff the opportunity to more definitely and clearly state the factual and legal bases for his claims" and to permit the Court to determine whether Plaintiff should be permitted to proceed *in forma pauperis* or whether any portion of the Complaint should be dismissed under 28 U.S.C. § 1915(e)(2). Order [3] at 1.

The Magistrate Judge scheduled the screening hearing for September 27, 2017, *id.* at 2, and provided notice of the same to Plaintiff via certified mail, *see* Acknowledgment [4] at 1. The Magistrate Judge cautioned Plaintiff that "if he fails to appear at the screening hearing, this case may be dismissed without prejudice and without further notice to Plaintiff." Order [3] at 2. Plaintiff received a copy of the Order setting the screening hearing on August 14, 2017. *See* Acknowledgment [4] at 1.

On August 22, 2017, Plaintiff filed a Motion [5] to Object to Screening Hearing with Prejudice. Plaintiff objected to the scheduling of a screening hearing, arguing that he was entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915, and demanded a bench trial. Mot. [5] at 2-5. On August 25, 2017, the Magistrate Judge denied Plaintiff's Motion [5] and notified Plaintiff that the screening hearing

would proceed on September 27, 2017. *See* Aug. 25, 2017, Text Order. Plaintiff did not appear for the September 27, 2017, screening hearing. *See* Sept. 27, 2017, Minute Entry.

On September 28, 2017, the Magistrate Judge entered a Show Cause Order [6] directing Plaintiff to file a written response on or before October 12, 2017, "showing cause why his failure to appear at the screening hearing and abide by the Court's Orders should not result in dismissal of this suit for failure to prosecute." Order [6] at 1. Plaintiff was "specifically warned that failure to comply with this Order by timely filing a written response will result in an immediate recommendation to the District Judge that this case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* at 1-2. This Order was mailed to Plaintiff via certified mail at his address of record, *see id.* at 2, and Plaintiff received the Order on September 30, 2017, *see also* Acknowledgment [7] at 1.

On October 4, 2017, Plaintiff filed a "Motion to Show Causes [sic] Order," which the Clerk docketed as a Response [8] to the Show Cause Order [6]. Plaintiff cited Federal Rule of Evidence 803 and argued that certain exhibits[1] demonstrated the factual and legal bases of his claims. Resp. [8] at 2-3. Other than Plaintiff's vague, conclusory statement that "he is unable to travel at this time," *id.* at 4, his Response offered no justification for his failure to appear at the hearing.

---

[1] It is unclear to which exhibits Plaintiff was referring, as no exhibits were attached to his Response [8].

On October 10, 2017, the Magistrate Judge scheduled a second screening hearing for October 19, 2017, and warned Plaintiff that if he failed to appear, the Magistrate Judge would "immediately recommend to the District Judge that this case be dismissed without prejudice for failure to comply with Court orders." Order [9] at 2. Plaintiff received the Order [9] via certified mail some time prior to October 16, 2017. *See* Acknowledgment [10] at 1 (signed, but undated, return receipt filed by the Clerk of Court on October 16, 2017).

On October 17, 2017, Plaintiff filed a Motion [11] for Extension of Time. Plaintiff claimed that he was "suffering from back problem" and was unable to attend the screening hearing because of lack of transportation. Mot. [11] at 2. Plaintiff complained that the Court failed to acknowledge the evidence of his income and requested a 90-day extension. *Id.* at 2-3.

The Magistrate Judge denied Plaintiff's Motion [11] finding that

> Plaintiff's asserted lack of transportation is not grounds for rescheduling the screening hearing for a date ninety days in the future. His transportation options are presumably the same as they were when he received notice of the first screening hearing, and the Court has been given no reason to believe they will materially change in ninety days' time. Plaintiff's allegations of back problems are similarly unsubstantiated and do not absolve Plaintiff of his obligations to prosecute this case. This obligation requires that he be able to appear at the Courthouse for in-person hearings.

Order [12] at 2. The screening hearing remained scheduled for October 19, 2017. *Id.* at 3.

Plaintiff did not appear at the second screening hearing. *See* Oct. 19, 2017, Minute Entry. On October 24, 2017, the Magistrate Judge entered the present

Report and Recommendation [13] detailing Plaintiff's conduct and recommending that this case be dismissed without prejudice for Plaintiff's failure to obey Orders of the Court and failure to prosecute. R.&R. [13] at 3.

On November 6, 2017, Plaintiff submitted an Objection [15] to the Report and Recommendation. The Objection [15] does not address the Magistrate Judge's Report and Recommendation [13], but instead seems to argue the merits of Plaintiff's case, or at least his request to proceed *in forma pauperis*. Obj. [15] at 1-4.

On November 6, 2017, Plaintiff also filed a Notice of Appeal [16], which was docketed by the United States Court of Appeals for the Fifth Circuit. The appeal remains pending in that Court. *See Wilson v. Pension Benefit Guaranty Corp.*, No. 17-60756 (5th Cir. Nov. 8, 2017).

## II. DISCUSSION

A. Jurisdiction

Despite Plaintiff's filing of the Notice of Appeal [16], this Court has not been divested of jurisdiction because the Report and Recommendation [13] Plaintiff seeks to appeal is a non-appealable interlocutory order. *See, e.g., United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989) (holding that an appeal from a non-appealable order does not transfer jurisdiction to the court of appeals and "does not render void for lack of jurisdiction acts of the trial court taken in the interval between filing of the notice and dismissal of the appeal"); *United States v. Mock*, 604 F.2d 336, 341 (5th Cir. 1979) (holding that a notice of appeal from nonappealable order had no effect on the trial court's jurisdiction to proceed with appellant's trial); *Rafiq v.*

*Lopez*, No. CV H-15-2210, 2017 WL 367976, at *1 (S.D. Tex. Jan. 25, 2017) (holding that magistrate judge's Memorandum and Recommendation was a non-appealable order, and that appeal therefrom does not divest the court of jurisdiction to review Plaintiff's objections).[2] The Court therefore retains jurisdiction to consider Plaintiff's Objection to the Report and Recommendation.

B.  Legal Standards

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

When a party files a written objection, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Such review means that this Court will examine the entire record and will make an independent

---

[2] *See also, e.g., JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 860 (7th Cir. 2013) (holding that the magistrate judge's "ruling was a nonappealable order, so the district court's jurisdiction over the supplementary proceedings was intact notwithstanding Asia Pulp's attempted appeal from her order"); 16A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3949.1 (4th ed.) ("The weight of authority holds that an appeal from a clearly non-appealable order fails to oust district court authority . . . .").

assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

C.  Analysis

While Plaintiff has filed a written Objection [15], it contains no specific objections to any portion of the Report and Recommendation [13]. Plaintiff argues the merits of his claim and *in forma pauperis* application, rather than addressing the Magistrate Judge's findings and recommendation as to dismissal. The Court therefore finds that it should apply the clearly erroneous, abuse of discretion, and contrary to law standard of review. *See* 28 U.S.C. § 636(b)(1); *Wilson*, 864 F.2d at 1221. However, even under a de novo review, the result would not change.

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. Alternatively, even after a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge. The United States Court of Appeals for the Fifth Circuit has applied 28 U.S.C. § 1915(e)(2) to non-prisoners, *see, e.g., Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *Patel v. United Airlines*, 620 F. App'x 352, 352 (5th Cir. 2015), and because Plaintiff has attempted to proceed *in forma pauperis*, his Complaint is subject to judicial screening, *see, e.g.,* 28 U.S.C. § 1915(e)(2)(B); *Rodgers v.*

*Lancaster Police & Fire Dep't,* 819 F.3d 205, 207 (5th Cir. 2016).[3]

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action upon its own motion for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992). "This authority is based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" *Berry*, 975 F.2d at 1190 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Plaintiff intentionally failed to appear at two duly-noticed screening hearings, even after he was warned in advance of each hearing that failure to appear may result in dismissal without further notice to him. *See* Order [9] at 2; Order [3] at 2. Plaintiff has yet to offer an adequate, sufficiently supported explanation for his failures to appear. There exists a clear record of delay and contumacious conduct by Plaintiff, which supports the conclusion that sanctions lesser than dismissal would not prompt diligent prosecution and would prove futile. Plaintiff's failures to appear at the hearings were caused by his own conduct and have resulted in the waste of judicial resources. The Court will adopt the Magistrate Judge's Report and Recommendation [13] as the opinion of this Court, and this civil action will be dismissed without prejudice for Plaintiff's failure to abide by the Court's Orders and failure to prosecute.

---

[3] *See also Bohannan v. Doe*, 527 F. App'x 283, 290 (5th Cir. 2013) (holding that a district court must screen complaints for claims that are frivolous, that fail to state a claim, or that seek money from an immune defendant under 28 U.S.C. § 1915(e)(2)(B), even for non-prisoner plaintiffs).

III.  CONCLUSION

Plaintiff's Objection [15] will be overruled, and the Magistrate Judge's Report and Recommendation [13] will be adopted as the finding of this Court.  Plaintiff's claims will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff David Wilson's Objection [15] is **OVERRULED**, and the Report and Recommendation [13] of United States Magistrate Judge John C. Gargiulo, entered in this case on October 24, 2017, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case is **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 8th day of January, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE